*35 THIS is an appeal from a decree of the court below, dismissing a bill exhibited by Lewis in that court, against the heirs of Pickett, &c.
The object of the bill was to compel the appellees to surrender their legal title, derived under adverse claims, to. the superior equity asserted by Lewis under the following entry;
44 December 28th, 1782.
44 Aaron Lewis, enters one thousand acres of land on 4 a Treasury Warrant, No. 10,025, adjoining John < South’s pre-emption of one thousand acres on the 4 waters of Licking ; beginning at the south corner of 4 his line and running south and east tor quantity.”
Prior to the making of Lewis’s entry, the following entries were made by John South, viz:
44 February 2nd. 1780.
44 John South, Senior, enters four hunnred acres up. 4 on a certificate for settlement, lying on the dividing 4 ridge of the waters of'Harrod’s iirk and the Flat 4 lick branch, waters of Licking creek, to include lr. 4 vine’s cabin and to run westwardly for quantity.”
44 May 30th. 1780.
44 John South, Senior, enters a pre- emption 4 of one thousand acres, adjoining the east side of his 4 seítleinept,”
*36 Were it admitted, that the latter entry of South i& referred to with sufficient certainty by the entry of Lewis, there would be no difficulty in sustaining Lewis’ entry; for Irvin’s cabin, Harrod’s lick and Fiat lick branches, are proven to have been notorious, previous to the date of either of South’s entries; and after finding Irvin’s cabin, a subsequent locator could have no difficulty in ascertaining the boundary of both the settlement and pre emption entries of South; and when ascertained, by adverting to the entry of Lewis, he could have no hesitation as to the position it would assume. Rut at the date of Lewis’ entry, there were other entries in the name of John South, and it is upon the effect which those entries may have on Lewis’ entry, that its validity must depend, They are as follows, viz:
“May 30th, 1780.
“■ John South, heir at law to Thomas South, enters 4 one thousand acres on a pre-emption warrant on 4 Stoner’s fork of Licking, about two miles from the 4. trace leading from Boonsborough to said spring, in-i eluding a spring on the north side of the creek, and 4 running on both sides for quantity,”
“ January 10th, 1780. '
“ John South, Jun. enters four hundred acres by ,t certificate &c. lying on Johnson’s fork of Licking, on 4 the north side thereof, about one and a half miles be-4 low the Sycamore forest.”

“ June 1st 1780.

“ John South, enters a pre-emption warrant of one. 4 thousand acres on Johnson’s Fork of Licking, adjoin. 4 irig hia settlement on the south and west sides.”
If each of these pre-emption entries in the name of John South, equally fit the call of Lewis’ entry for John South’s pre emption, and there is nothing in the cause calculated to shew which of South’s pre-emptions was.intended by the maker of Lewis’ entry, it is perfectly clear, that Lewis’ entry cannot be sustained. For unless Lewis can be attached to someone of the pre emotions of South, in exrlusion of the others-, his entry cannot, according to the settled course of derision, be good for more than would, be common to surveys constructed by adjoining each of South’s preemption entries; and it is obvious, that when surveys ape so constructed, there would be nothing common to *37 all.. Ami nothing is discovered in the record which enables the court to say, which of South’s pre emption entries was intended to be adjoined by the maker Lewis’ entry. They are each for one thousand acres : all are on the wafers of Licking; ail are in the name of Jb/m South, and the oniy description of the entry of South, which is given in the entry of Lewis, is that of its being for one thousand acres on the waters of Licking, and that it belonged to John South. It is true, that from, the entries of South, it is apparent,that there were. iw., and perhaps three John Souths ; John South, senior, John South, junior, and John South, heir at law to Thomas South, who may, or may not have been either the John South, senior, or John South, junior. But the circumstance of one of the Souths being senior to the others, affords no reason for attaching the entry Lewis to that in fiis name in preference to either of the others. In the ordinary and popular acceptation of the expression, John South would not be understood to al. lude to the eldest with more precision than to the youngest; and entries made for the information of all, should most unquestionably be construed according to that sense in which the language employed would he understood by the community in general, and when so construed, if precise and certain, information of the land intended to be located, is not given, the entry, according to the settled doctrine of the law, must be pronounced vague, uncertain and void.
There is n® rea«,n in attaching the entrv to ^ g““,™ ^preference to the others/
The entry of Lewis, is, therefore, invalid, and consequently, his bill was correctly dismissed. The decree must be affirmed with costs.